## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EASTON ANTHONY WILSON,<br><br>               Defendant. | Criminal No. 03-18-B-S |

### ORDER DENYING EASTON WILSON'S MOTION FOR RETURN OF PERSONAL PROPERTY AND SETTING ASIDE THE ADMINISTRATIVE FORFEITURE OF CURRENCY

Now before the Court is Easton Wilson's Motion to Return Personal Property, filed pursuant to Federal Rule of Criminal Procedure 41(g).[1]   (Docket # 587.) Specifically, Mr. Wilson's Motion requests the return of a Gucci watch and $21,000.  The Government opposes the Motion.  (Docket # 588.)  After thoroughly considering the issues raised, the Court will DENY Mr. Wilson's Motion but SET ASIDE the forfeiture.

### I. FACTUAL BACKGROUND

On February 10, 2003, a federal search warrant was obtained from the United States District Court, District of Maine for Mr. Wilson's residence at 42 South Chestnut Street, 2nd floor apartment, Augusta, Maine for alleged drug violations.  (See Affidavit of Brian J. Featheringham, attached as Ex. A to Government's Response to Mr. Wilson's Motion (Docket # 588) ¶¶ 2 and 3.)  On February 12, 2003, the search warrant was

---

[1]  Defendant's Motion states that it is filed pursuant to Federal Rule of Criminal Procedure 41(e). Subsection (e) of Rule 41 relates to "Issuing the Warrant."  The Court assumes that Defendant meant to file the instant Motion pursuant to Rule 41(g), which explicitly provides for motions to return property.

executed.  Id.  Agents seized, among other things, a toiletry bag containing a Gucci watch from Mr. Wilson's bedroom.  (Id. ¶ 3.)  Agents also seized $16,942.25 in United States currency.  (See Declaration of John Barrett attached as Ex. B to Government's Response to Mr. Wilson's Motion ¶¶ 2 and 3.)  Mr. Wilson provided post-Miranda statements to agents stating, in part, that he came to Maine in the summer of 2002, he was the biggest cocaine dealer in Augusta and he sold drugs to several people in the Augusta area. (Featheringham Aff. ¶ 3.)

Mr. Wilson and several co-conspirators were indicted in the District of Maine. On November 20, 2003, Mr. Wilson pleaded guilty to counts one (conspiracy to distribute 50 grams or more of cocaine base), three (conspiracy to import 5 kilograms or more of cocaine), four (conspiracy to distribute cocaine base), five (conspiracy to distribute cocaine base) and six (distribution of cocaine base) of a second superseding indictment (Criminal No. 03-18-B-S).  (Featheringham Aff. ¶ 4.)  On June 8, 2004, Mr. Wilson was sentenced to 320 months in prison.  (Id.)  On June 15, 2004, at the request of Mr. Wilson's attorney, Robert Napolitano, "several seized items including but not limited to the Gucci watch, were returned to attorney Napolitano."   (Id. ¶ 5 and attached "Detained or Seized Property" form.)  The currency was "the subject of an administrative forfeiture publication for three weeks." (Barrett Dec. ¶ 4.)  "At the end of the publication time, no person filed a claim to the currency," and the $16,942.25 in United States currency was administratively forfeited.  (Id.)  No notice of seizure or forfeiture of the currency was ever served on Mr. Wilson.  (Id. ¶ 5.)

## II. DISCUSSION

First, with respect to the Gucci watch, the record establishes that it was returned to Mr. Wilson's attorney.[2]  With respect to the seized currency, the forfeiture statute provides that currency of less than $500,000, which is traceable to drug trafficking is subject to administrative forfeiture.  See 19 U.S.C. § 1607(a).  To forfeit currency administratively, the Government must publish notice of its intent to forfeit the property for three successive weeks and supplement that publication by sending notice to any party known to have an interest in the property.  Id.; 21 C.F.R. § 1316.75.  Such notice must be sent to an interested party within 60 days of the seizure.  18 U.S.C. § 983(a)(1)(A)(i).  The Government admits that it failed to provide Mr. Wilson with proper written notice of the administrative forfeiture proceeding within the required time limit.

Once the property has been forfeited through administrative procedures, however, a Rule 41(g) motion is not the proper procedural vehicle under which to move for its return.  Fed. R. Crim. P. 41(g)("[A] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."); Fed. R. Crim. P. 1(a)(5)("Proceedings not governed by these rules include: . . . a civil property forfeiture for violating a federal statute.").  The Civil Asset Forfeiture Reform Act of 2000 explicitly provides that if an individual was "entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect

---

[2] Mr. Wilson asserts that when he asked attorney Napolitano about the returned property, attorney Napolitano explained that the "Government still ha[d] possession of the gucci watch." (Affidavit of Easton Wilson (Docket # 593) ¶ 8.)  Mr. Wilson has not included any statement from attorney Napolitano contradicting Special Agent Featheringham's sworn account that the Gucci watch was returned to attorney Napolitano.  (Featheringham Aff. ¶ 5 and attached "Detained or Seized Property" form.)

to that person's interest in the property."  18 U.S.C. § 983(e)(1).  The statute further provides that "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."  See 18 U.S.C. § 983(e)(5).  The Court will, thus, treat Mr. Wilson's Motion as one filed to set aside the forfeiture filed pursuant to 18 U.S.C. § 983.

> Section 983 provides that a motion to set aside forfeiture shall be granted if:
>
> the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1)(A) and (B).  The Court finds that the Government knew that Mr. Wilson had an interest in the seized currency and that Mr. Wilson did not get notice of the forfeiture.  The Court will, therefore, set aside the forfeiture.  The statute explicitly provides that if the forfeiture is set aside it shall be "without prejudice to the right of the Government to commence a subsequent forfeiture proceeding" as to Mr. Wilson's interest in the currency.[3]  18 U.S.C. § 983(e)(2)(A).

Accordingly, it is ORDERED that Mr. Wilson's motion for return of a Gucci watch and $21,000 be, and it is hereby, DENIED.  It is further ORDERED that the forfeiture of Mr. Wilson's interest in $16,942.25 in United States currency be, and it is

---

[3] Section 983 provides the timeframes for the Government to commence forfeiture after an administrative forfeiture is set aside as follows:

> (i) if nonjudicial, within 60 days of the entry of the order granting the motion; or
>
> (ii) if judicial, within 6 months of the entry of the order granting the motion.

18 U.S.C. § 983(e)(2)(B).

hereby, SET ASIDE without prejudice to the right of the Government to commence a

forfeiture proceeding as to Mr. Wilson's interest in that currency.


/s/ George Z. Singal_____
George Z. Singal
Senior District Court Judge

Dated at Portland, Maine this 13th day of July, 2007.