UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| EASTON WILSON,              )<br>                                           )<br>         Movant,                    )<br>                                           )<br>   v.                                       )<br>                                           )<br>                                           )<br>UNITED STATES OF AMERICA, )<br>                                           )<br>         Respondent              ) | 1:03-cr-00018-GZS<br>1:13-cv-00366-GZS |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Easton Wilson has filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, alleging that the recent United States Supreme Court case, Alleyne v. United States, 133 S. Ct. 2151 (2013), entitles him to relief.  Because Wilson filed a prior § 2255 motion, Wilson v. United States , 1:07-cv-00012-GZS, that was decided on the merits, Wilson must obtain leave from the First Circuit Court of Appeals before filing a second or successive petition in this court.  Accordingly, I recommend summary dismissal of his complaint.

**Background**

After this Court sentenced Wilson, he filed a direct appeal in which he argued, among other points, that this Court ran afoul of United States v. Booker, 543 U.S. 220 (2005), when it sentenced him under the mandatory guidelines.  The First Circuit Court of Appeals remanded the case to this Court for re-sentencing through the Booker prism, a case that issued after this Court imposed the initial sentence.  See United States v. Wilson, No. 04-1786, 2005 WL 1399302 (1st Cir. June 15, 2005).  On remand this Court re-sentenced Wilson to the same 320 months of imprisonment.  (Crim. No. 03-18-B-S, Docket No. 534.)  Once again, Wilson appealed his

sentence. This time the Court of Appeals affirmed. See United States v. Wilson, 185 Fed. App'x 6 (1st Cir. June 22, 2006) (per curiam) (unpublished).

In his first post-conviction motion to vacate, Wilson raised numerous claims of ineffective assistance of counsel. Wilson's first section 2255 motion was denied on July 16, 2007. On November 15, 2007, the Court of Appeals denied a certificate of appealability and its mandate was entered on the docket of this court on February 21, 2008. Wilson v. United States, 2:07-cv-00012-GZS, ECF No. 32. There is no question but that Wilson's current pleading represents his second attempt to obtain relief pursuant to 28 U.S.C. § 2255.

## Discussion

Wilson may believe that the pending motion, although it is a second motion, is permitted pursuant to 28 U.S.C. § 2244, because it falls within a statutorily provided exception in that it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). His underlying argument is that the recent Alleyne case should be considered retroactive and applied to shorten his sentence.

However, the pending motion constitutes a "second or successive motion" under section 2244, and consequently this Court lacks jurisdiction to entertain the motion, pursuant to 2244(b)(3)(A), which provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See also First Circuit Local Rule 22.1. The pending motion attacks the same amended criminal judgment as the first motion did, and the first motion terminated with a judgment on the merits. See United States v. Barrett, 178 F.3d 34, 43 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000) ("[A] numerically

2

second petition is not 'second or successive' if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits.") (quoting Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997), cert. denied, 528 U.S. 1123 (1998)).  None of the reasons for determining that a motion is not "second or successive" applies here.  See id. at 43-44.

Until the Court of Appeals authorizes this Court to determine the matter, this Court does not have jurisdiction to decide whether Alleyne constitutes a new rule that is to be applied retroactively in this case.  Section 2244(b)(3) deprives this Court of jurisdiction to make such a determination at this point in the litigation.  Rather, the statute grants jurisdiction instead to the Court of Appeals, and requires a prima facie showing before the Court of Appeals may authorize the district court to consider a second or successive motion.  "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."  28 U.S.C. §2244(b)(3)(C).

## Conclusion

For the reasons stated above, I recommend that the Court dismiss without prejudice Wilson's motion for habeas relief under 28 U.S.C. § 2255, so that he may pursue a motion in the First Circuit Court of Appeals, pursuant to section 2244(b)(3)(A), if he so chooses.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought,

together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                          /s/ Margaret J. Kravchuk
                                          U.S. Magistrate Judge

October 1, 2013